IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA ANN BEENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-167-RAW-KEW |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Debra Ann Beene (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 61 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a hostess and hairdresser. Claimant alleges an inability to work beginning August 1, 2016 due to limitations

3

resulting from plantar fasciitis, degenerative disc disease of the lower back, breast cancer, and left shoulder impingement.

## Procedural History

On June 8, 2017, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. ' 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On October 30, 2018, Administrative Law Judge ("ALJ") James Linehan conducted an administrative hearing in Oklahoma City, Oklahoma.  On February 22, 2019, the ALJ issued an unfavorable decision.  On April 3, 2020, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.  The ALJ also found that she retained an RFC to perform light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

4

recognize Claimant's severe impairments that existed prior to her date of last insurance; (2) failed to properly assess and evaluate the medical evidence and Claimant's testimony; (3) reaching an improper RFC and posing faulty hypothetical questions to the vocational expert; and (4) denying Claimant a full and fair hearing.

### Consideration of Claimant's Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of bilateral plantar fasciitis, degenerative disc disease of the lumbar spine, breast cancer, and left shoulder impingement. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ concluded Claimant could lift 25 pounds occasionally and lift and carry ten pounds frequently, could stand or walk alternatively for a total of six hours out of an eight hour day with sitting occurring intermittently throughout the day. Claimant was also found by the ALJ to be able to reach, push, and pull with her upper extremities up to four hours per eight hour day. Claimant can use her hands for grasping, holding, and turning objects up to six hours per eight hour day. Claimant could alternatively climb, stoop, kneel, crouch, crawl, and balance up to six hours per eight

hour day.  (Tr. 17).

After consulting with a vocational expert, the ALJ concluded Claimant could perform her past relevant work as a hostess and hairdresser as the work did not require the performance of work-related activities precluded by the RFC.  (Tr. 23).  As a result, the ALJ found Claimant was not disabled from August 1, 2016, the alleged onset date, through December 31, 2016.  (Tr. 24).

Claimant suggests that the conditions which were later found to be debilitating condition after the date last insured should be "grandfathered" into the relevant period before the date of insurance expired.  The ALJ recognized that Claimant attended the emergency room on January 23, 2017 after the date last insured of December 31, 2016, complaining of the sudden onset of acute upper back and chest pain.  Claimant was diagnosed with cervical radiculopathy and renal colic.  Thereafter, an MRI was performed which indicated Claimant had significant degenerative changes to the cervical spine, including spondylosis, osteophytic spurring, nerve compression, and central canal stenosis.  Claimant underwent spinal surgery on February 16, 2017.  (Tr. 20).

Claimant urges this Court to find that these conditions existed prior to the expiration of the insured period.  The

6

regulations require that the disability exist before the insured status expired under Title II. Soc. Sec. R. 18-1p, 2018 WL 4945639 at *5; *see also*, Flaherty v. Astrue, 515 F.3d 1067, 1069 (10th Cir. 2008)(the claimant must establish disability on or before her date last insured).

The conditions with which Claimant was diagnosed after the date last insured may, in fact, have existed prior to the expiration of the insured period. The problem, however, is two-fold. First, this Court must rely upon medical evidence to arrive at this conclusion and, second, the diagnosis of a condition does not establish disability. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v.

Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Since no finding of disability from the later diagnosed conditions exists in the record, the ALJ did not err in his consideration of these conditions.

**Questioning of Claimant at the Administrative Hearing**

Claimant contends that she became confused by the questioning of the ALJ at the administrative hearing. The ALJ repeatedly asked Claimant to limit her answers to circumstances as they existed prior to December 31, 2016, the date last insured. (Tr. 37, 41-44). Claimant believed that the ALJ was asking about a period well before December 31, 2016 and even before August 1, 2016 – the early end of the insured period. Claimant's counsel at the hearing asked questions to clarify the relevant period. (Tr. 48-54).

To an extent, Defendant concedes that Claimant may have been confused during the ALJ's questioning. However, Defendant also contends that the ALJ did not exclusively rely upon Claimant's testimony in order to conclude that the back problems she experienced after the date last insured did not present as a

8

disability prior to the expiration of that period. This Court agrees. The ALJ cited extensively from the medical record to establish precisely which conditions existed prior to the date last insured. Any confusion arising from Claimant's testimony was capable of clarification through Claimant's counsel's inquiry at the hearing and was not relied upon exclusively in order to determine Claimant's impairments during the relevant time.

### RFC Analysis

Claimant contends again that the ALJ relied upon her confused testimony in order to arrive at an erroneous RFC. As stated, this Court does not find that the ALJ relied exclusively upon Claimant's testimony but also upon objective medical evidence and opinion evidence.

[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations. White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment Amust include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence. Soc. Sec. R. 96B8p. The ALJ must also discuss the individual's ability to

perform sustained work activities in an ordinary work setting on a regular and continuing basis and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must Aexplain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. Id. However, there is Ano requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ's RFC assessment was supported by substantial evidence. In part, he relied upon the conclusions of the state agency physicians, Dr. David Bailey and Dr. David Coffman. These reviewing doctors determined Claimant retained the RFC to perform light work. (Tr. 81-84, 98-102). Because Claimant filed her claim after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how

persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. Id. However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with

11

the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004); *see also* Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

The ALJ explained his consideration of the experts' opinions in light of the relevant factors to conclude the opinions are supported by substantial evidence in the medical record during the relevant period. They are also consistent with the totality of the objective medical record. As a result, the RFC arrived at by the ALJ is found to be supported by substantial evidence.

**Full and Fair Hearing**

As a final issue, Claimant contends she was denied a full and fair hearing "[f]or the reasons stated above." Presumably, Claimant is referring to the confusion in the time period questioning by the ALJ. Claimant was represented by counsel at the administrative hearing who commendably clarified the questioning by the ALJ and the testimony by his client. Claimant was not denied a full and fair hearing warranting remand for a new hearing.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE